IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-228-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NICHOLAS JAMES RIZZUTO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on June 29, 2020, for telephonic hearing on the government's motion to continue trial (DE 31). For good cause shown, the court allowed the motion at hearing. The court hereby memorializes its reasons for allowing the motion.

The government presented in its motion to continue that one of the victims of the charged offenses will be quarantined for 14 days in accordance with government guidelines related to the COVID-19 pandemic. Another government witness received positive results from a COVID-19 test on June 26, 2020. These events raise substantial health risks for continuing trial at the previously-scheduled July 6, 2020, trial date, and weigh in favor of postponing the trial to mitigate these risks.

In addition, counsel for defendant noted at hearing that defendant does not oppose continuance of the trial, albeit for reasons different from those advanced by the government in its motion. Counsel for defendant noted the possibility that defendant may seek further continuance of the trial depending on whether the United States Court of Appeals for the Fourth Circuit has reached a decision on his appeal of the court's ruling in the prior case dismissed without prejudice on speedy trial grounds, in case No. 5:18-CR-352. Counsel for defendant also noted that defendant may seek time to engage in further plea discussions in the event of an unfavorable ruling on appeal.

Based on the foregoing, the court allowed the motion for continuance and reset trial to commence August 10, 2020. At hearing, the court discussed with the parties an appropriate date for trial, consistent with the requirements of the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1). The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

Here, the ends of justice are served by continuing trial to August 10, 2020, because of the specific risks presented due to the health status of government witnesses identified in the motion to continue. In considering the ends of justice, the court also takes into account that defendant did not oppose the government's motion for continuance of trial, and defendant presented additional reasons pertaining to his litigation strategy for continuance of trial. Accordingly, the court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

SO ORDERED, this the 6th day of July, 2020.

*[Signature]*
LOUISE W. FLANAGAN
United States District Judge